**MEI ZI CUI, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General[1], Respondent.**

**No. 08–6142–ag.**

United States Court of Appeals, Second Circuit.

Nov. 17, 2009.

Jim Li, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Terri J. Scadron, Assistance Director; Genevieve Holm, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey.

PRESENT: JOSEPH M. McLAUGHLIN, ROBERT D. SACK and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Mei Zi Cui, a native and citizen of the People's Republic of China, seeks review of the November 25, 2008 order of the BIA, which denied her motion to reopen. *In re Mei Zi Cui*, No. A098 903 223 (B.I.A. Nov. 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We conclude that the BIA did not abuse its discretion in denying Cui's motion to reopen as untimely inasmuch as it was filed in June 2008, over one year after the BIA issued its May 2007 final order of removal. *See* 8 C.F.R. § 1003.2(c)(2).

Where ineffective assistance of counsel prevents an alien from presenting her claim, the filing deadline for motions to reopen may be equitably tolled. *Cȩkic v. INS*, 435 F.3d 167, 171 (2d Cir.2006). In order to warrant equitable tolling, an alien is required to demonstrate "due diligence" in pursuing her claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008). We have noted that "there is no period of time which we can say is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling—or, for that matter, any period of time that is *per se* reasonable." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir.2007).

We conclude that there was no abuse of discretion by the BIA in concluding that Cui failed to exercise due diligence because she filed her motion to reopen 13 months after she should have reasonably discovered that she received ineffective assistance of counsel. *See id.* Cui does not deny that she became aware of Han's ineffective assistance in May 2007, but asserts that she was delayed in filing her motion to reopen because it "took her time to file" complaints against Han due to the fact his office was in New York yet he was only a member of the New Jersey bar. However, Cui fails to explain why it "took her time to file" the complaints and concedes that she "delayed for about six months." Cui's pending petition for review on the merits of her direct appeal did not preclude her from seeking to reopen the BIA proceedings based on ineffective assistance of counsel. Accordingly, Cui fails to demonstrate that the BIA abused its discretion in denying her untimely motion.

Because the BIA did not abuse its discretion in declining to equitably toll the time limitation for filing Cui's motion, we need not consider the BIA's alternative findings that she failed to demonstrate compliance with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), or that she was prejudiced by counsel's purportedly ineffective assistance, *see Rashid*, 533 F.3d at 131.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.